# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: **S.P. and D.C.**

**No. 16-0667** (Mercer County 14-JA-130-D3 & 14-JA-131-D3)

**FILED**

**April 10, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother L.C., by counsel Michael P. Cooke, appeals the Circuit Court of Mercer County's May 11, 2016, order terminating her parental, custodial, and guardianship rights to S.P. and D.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Rockwell Seay, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner argues that the circuit court erred in failing to impose a less-restrictive dispositional alternative before terminating her parental, custodial, and guardianship rights.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2014, the DHHR filed an abuse and neglect petition against the parents. According to the petition, the DHHR received a referral in July of 2014 that alleged the parents arrived at a local hospital where the father complained of trouble breathing. According to the DHHR, the father was visibly intoxicated, slurred his words, and was unable to maintain his balance or comprehend what the staff was saying to him. Petitioner was also described as

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent minor stylistic revisions and the applicable changes have no impact on the Court's decision herein.

stumbling and generally displaying signs of intoxication. Petitioner admitted to having one beer while drinking with the father. Petitioner also indicated that the parents engaged in domestic violence when drinking. Thereafter, the father became irate and aggressive toward petitioner in the hospital. Accordingly, the DHHR implemented a protection plan to which both parents agreed. In August of 2014, a provider arrived at the home to conduct parenting services but found the parents arguing and observed them to be under the influence. The father denied drinking and expressed no desire to change his habits. Petitioner told the provider about domestic violence in the home, in addition to her mental health issues and suicidal ideations. In September of 2014, the provider returned to the home to find the parents under the influence in the children's presence. Additionally, the maternal grandmother, who resided in the home, told the provider about ongoing domestic violence in the home as well as a vertical cut on petitioner's wrist. Paramedics were called to the scene, and the DHHR alleged that petitioner informed emergency personnel that she wanted to die. At this point, the DHHR took emergency custody of the children.

In October of 2014, the circuit court held an adjudicatory hearing, during which petitioner stipulated to domestic violence and substance abuse. The circuit court thereafter granted her a post-adjudicatory improvement period. From January of 2015 until April of 2015, the parents wore alcohol monitoring units and reportedly did well while subject to monitoring. In fact, the children were returned to the parents' custody during this period.

In June of 2015, the father was arrested following two separate calls about possible domestic violence and public intoxication. Upon arriving at the scene, a police officer observed the father attempting to leave the residence. The officer detained the father and noted that he was highly intoxicated. According to the officer, a family member told him that the father choked petitioner, which she corroborated. Additionally, the officer observed redness on her neck. However, petitioner declined to give a formal statement or cooperate in the father's prosecution. Further, the parents later denied domestic violence occurred during this incident, and the circuit court subsequently removed the children from the home again. Although the father was eventually charged criminally with domestic battery, the parents later stated that the incident stemmed from an issue with petitioner's mental health that required the father to restrain her from running into traffic. Petitioner admitted, however, that she was intoxicated during this incident.

On July 7, 2015, the DHHR received a report that petitioner was at the Behavioral Health Pavilion due to cutting both her wrists and ingesting a handful of pills in an attempt to commit suicide. Later that month, the circuit court granted the parents improvement periods as disposition. At a multidisciplinary team meeting in October of 2015, petitioner again denied that the father choked her during the prior incident of domestic violence. It was also noted that the parents' visitation with the children was highly inconsistent. Eventually, both parents left the meeting early.

In December of 2015, the DHHR filed a motion to terminate the parents' parental rights. According to the DHHR, petitioner's response to this motion was to tell a service provider that she would kill herself. That same month, the circuit court held a dispositional hearing during which it heard testimony from several service providers. Although the circuit court found that

there was sufficient evidence to terminate the parents' parental rights at that time, it instead granted the parents additional time to comply with services.

In March of 2016, the circuit court held a second dispositional hearing, during which it heard evidence that petitioner failed to participate in the formulation of a family case plan to address the issues of abuse and neglect in the home. Again, the circuit court deferred ruling on disposition and scheduled a hearing for April 22, 2016. At the final hearing in April of 2016, the circuit court ultimately terminated petitioner's parental, custodial, and guardianship rights.[3] It is from the resulting order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for an extension to her improvement period or in its termination of her parental, custodial, and guardianship rights.

According to petitioner, she substantially complied with the services offered below, including mental health treatment, and exhibited a strong bond with her children. As such, she argues that the circuit court erred in failing to impose a less-restrictive dispositional alternative. We do not agree. According to West Virginia Code § 49-4-610(6), a circuit court may extend an improvement period when, among other factors, "the court finds that the [parent] has substantially complied with the terms of the improvement period . . . ." The record on appeal is clear that petitioner failed to substantially comply with the terms of her improvement period. Specifically, petitioner admitted that she continued to abuse alcohol and engage in violent incidents. Moreover, despite the fact that the circuit court previously declined to terminate her parental, custodial, and guardianship rights so that petitioner would have additional time to comply with services, the record shows that the issues of abuse and neglect in the home persisted throughout the proceedings. It is clear that petitioner failed to substantially comply with the

---

[3]The parental rights of all parents to all children were terminated below. According to both the guardian and the DHHR, as of the filing of their response briefs the permanency plan for the children is adoption into the foster home they have resided in since June of 2015.

terms of her improvement period, and the circuit court did not abuse its discretion in denying petitioner an extension of the same.

Similarly, the circuit court did not err in terminating petitioner's parental, custodial, and guardianship rights. Again, petitioner's sole argument is that she mostly complied with services and established a strong bond with the children. However, as outlined above, petitioner failed to remedy the conditions of abuse and neglect in the home, despite the circuit court's extension of her improvement period. According to West Virginia Code § 49-4-604(c)(3), a circumstance in which there is no reasonable likelihood the conditions of abuse and neglect includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child;

Petitioner failed to comply with the terms and conditions of her improvement period, as evidenced by her continued issues with substance abuse and domestic violence. Further, the circuit court heard testimony about difficulties in formulating a new family case plan following the father's arrest for domestic battery because petitioner refused to acknowledge that domestic violence occurred during the incident. As such, it is clear that the circuit court was presented with sufficient evidence upon which to find that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse or neglect. Moreover, the circuit court also found that reunification with petitioner was not in the children's best interests. Pursuant to West Virginia Code § 49-4-604(a)(6), circuit courts are directed to terminate parental, custodial, and guardianship rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 11, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: April 10, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker